IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CASSANDRA S. MACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05cv1113-CSC |
| | ) (WO) |
| JO ANNE BARNHART, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). During the hearing, the plaintiff amended her onset date to August 1, 2003 and requested a closed period of disability until October 1, 2004.[1] (R. 236). Following the hearing, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act during the closed period from August 1, 2003 until October 1, 2004. (R. 17). The ALJ, therefore, denied the plaintiff's claim for supplemental security income benefits.

---

[1] The plaintiff initially alleged an onset date of June 15, 2001, and sought benefits for continuing disability. (R. 52).

The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[2] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3). The parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[3] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?

---

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A. Introduction.**  The plaintiff was 34 years old at the time of the hearing before the ALJ and has a high school education.  (R. 14).  Her past relevant work experience includes work at the light level of exertion as a wire harness assembly line worker, waitress, cook, warehouse worker, custodian, and motel housekeeper.  (R. 14).  Following the hearing, the ALJ concluded that the plaintiff has severe impairments "due to history of sigmoid colon resection and colostomy with subsequent closure, marijuana and crack cocaine use, and alcohol abuse."  (R. 16).  The ALJ did not find the plaintiff's depression to be a severe impairment because "she has never sought nor has she been referred to mental health treatment."[5]  (R. 16).  Relying on testimony from the vocational expert (VE), the ALJ concluded that the plaintiff is able to perform her past relevant work as a wire harness assembly line worker, custodian, and motel housekeeper.[6]  (R. 17).  Accordingly, the ALJ

---

[5]  The ALJ also assumed that the plaintiff's complaints of depression, weight loss, and abdominal pain were related to her drug and alcohol abuse. (R. 17). The plaintiff does not challenge to this assumption.

[6]  The ALJ concluded that the plaintiff

> has the residual functional capacity to perform light work activity with the following restrictions: low stress; non-responsible or regular general public contact, must be brief and superficial; routine changes, no multiple or rapid changers; mild to moderate pain that occasionally interferes with concentration, persistence and pace; no climbing of ladders, ropes, or scaffolds; and no work around unprotected heights.  Furthermore, the claimant must be able to perform jobs wearing a colostomy bag for the closed period sought by the claimant.

(R. 17).

concluded that the plaintiff is not disabled.

### B.  Plaintiff's Claims.

The plaintiff presents three issues for the court's review.  As stated by the plaintiff, the issues are as follows:

> 1. Whether the Commissioner erred when by failing to provide a function by function rationale as required by the regulations to support his findings that the claimant has the residual functional capacity for light work.
>
> 2. Whether the Commissioner erred by relying on a non-examining physician's assessment of the claimant's residual functional capacity.
>
> 3. Whether the Commissioner erred by not adequately developing the record through the use of consultative examinations to assess the level of severity of the claimant's physical and mental impairments.

(Pl's Br. at 1).

## IV. Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to her past work.  *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and her family or friends; and (4) the claimant's age, education, and work history.  *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983).  Within this analytical framework, the court addresses the plaintiff's specific claims.

### A.  Function by function analysis of the plaintiff's ability to perform past

**relevant work.** The plaintiff contends that the Commissioner failed to properly "provide a function by function rationale as required by the regulations" to support his determination that she could perform her past work. First, the plaintiff alleges no facts in support of this claim and her brief contains only a general cursory discussion of the law. It is not the court's responsibility to seek out facts in support of the plaintiff's position; rather, the burden is on the parties to formulate arguments and present facts in support of their positions. *See generally Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994).

Next, and perhaps more importantly, the Social Security Administration has developed a sequential evaluation process for determining if a plaintiff is disabled. 20 C.F.R. §§ 404.1520 and 416.920. It is the plaintiff's responsibility to demonstrate an inability to return to her past relevant work. *Lucas, supra.* After a plaintiff has shown that she cannot perform her past relevant work, the burden then falls upon the Commissioner to show that there are other jobs in the national economy that the plaintiff can perform.

The ALJ determined that the plaintiff could perform her past relevant work. The medical evidence supports his conclusion. On September 30, 2003, the plaintiff presented to the emergency room at Baptist Medical Center in Montgomery, Alabama complaining of abdominal pain. (R. 106). According to the plaintiff, she had been having the pain for "about two weeks." (*Id*.) She had a prior diagnosis of reflux disease. (*Id*.) She underwent surgery for a perforated sigmoid colon. (R. 105). She was discharged from the hospital on

October 6, 2003. (R. 108). It was noted that "her wound [was] healing well." (*Id.*)

On November 12, 2003, she was seen by her surgeon for a follow-up visit. Her treatment note reflects the following.

> She is still having occasional muscle spasms in her abdominal wall on exam. The incision is healing nicely. There is no evidence of infection. Her ostomy looks good, and it is working fine. She is describing what sounds really like muscle spasms. I have put her on Flexeril and will see her back around the first of the year and talk about closing her ostomy, which we will probably do in about six-months or so.

(R. 112).

On September 7, 2004, the plaintiff underwent surgery to close her ostomy. (R. 166). She was in no acute distress, and she appeared healthy. (R. 167). She tolerated the procedure and was discharged in "a much improved condition."[7] (R. 175).

The burden of proof is on the plaintiff to prove that she cannot perform her past relevant work. *Jackson v. Bowen*, 801 F.2d 1291, 1294 (11th Cir. 1986). If the plaintiff can perform the kind or type of work she has performed in the past, she is not disabled. *Id*. Only after the plaintiff has met this burden, does the burden then shift to the Commissioner to establish that there is other work in the national economy which the plaintiff can perform. *Id*.

In her brief, the plaintiff makes a cursory reference to some of the law of this circuit applicable to assessing the residual functional capacity of a claimant for social security

---

[7] There is a reference in a treatment note that the plaintiff referred herself for rehabilitation as she admitted on admission recent marijuana and crack cocaine use as well as daily alcohol abuse. (R. 170 & 172).

disability benefits. However, she fails to apply any law to any facts of this case. Her partial recitation of the law, with no attendant facts, is simply insufficient to meet her burden of establishing that the ALJ's decision was not supported by substantial evidence.[8]

**B. Reliance on non-examining physician's assessment of the plaintiff's residual functional capacity.** The plaintiff contends that the ALJ improperly relied on the opinion of a non-examining physician to determine her residual functional capacity. The ALJ found that the plaintiff possessed the ability to perform light work with some restrictions, basing this determination on the non-examining consultant's RFC which limited lifting to no more than 20 pounds occasionally and 10 pounds frequently. Taken alone, the opinion of a non-examining reviewing physician does not constitute substantial evidence to support an administrative decision. *Swindle v. Sullivan*, 914 F.2d 222, 226 n. 3 (11th Cir. 1990). However, an ALJ does not err in relying on the opinion of the non-examining physician when that opinion does not contradict an examining physician's opinion. *Edwards v. Sullivan*, 937 F.2d 580, 584-585 (11th Cir. 1991).

The plaintiff testified at the administrative hearing that she could lift and carry twenty or twenty-five pounds. (R. 236). She also testified that she does her own shopping, cooking and cleaning. (R. 238-239). The evidence in the record supports the ALJ's findings

---

[8] Furthermore, because the ALJ truncated the sequential evaluation process at step 4 by concluding that the plaintiff could return to her past relevant work, any failure on the part of the ALJ or the vocational expert in their development of hypotheticals is of no consequence. While it is not error to obtain evidence from a vocational expert, it is also not necessary and thus, not error to do so. 20 C.F.R. § 416.960(b). *See also Lucas*, 918 F.2d at 1573 n.2 (Vocational expert testimony is not required at step 4 to evaluate a plaintiff's ability to perform past relevant work).

8

regarding the plaintiff's residual functional capacity.  A review of the ALJ's decision demonstrates that the ALJ made a thorough analysis of the testimony and considered all of the objective medical evidence in reaching his decision.  Moreover, the plaintiff points to no evidence which would support a conclusion that she is unable to return to work she previously performed, apparently without difficulty.  Therefore, the court concludes that the ALJ's decision is supported by substantial evidence.

**C.  Failure to develop the record by failing to use consultative examinations.**  The plaintiff argues that because she has been treated for depression, the ALJ should have, at a minimum, referred her for a psychological evaluation.  (Pl's Br. at 3-4).  The plaintiff's position is not supported by the evidence.  In reviewing the medical records, the court can find only two references of the plaintiff complaining about depression.  On February 11, and March 15, 2004, the plaintiff complained to her general practitioner that she was "feeling depressed."  (R. 200 & 197).  She was prescribed Remeron.  (R. 200).

The regulations do not require the Commissioner to secure a consultative evaluation, nor do they create a right to a consultative examination.  The ALJ is not required to order a consultative examination unless the record demonstrates that an examination is necessary for the ALJ to render a decision.  *Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988).  The plaintiff presents no evidence, other than her own testimony, that she continues to suffer from depression.  There are no medical records evincing mental health treatment or counseling.  The court has scoured the plaintiff's medical records and was unable to locate

one reference to the effects of the plaintiff's depression on her ability to work. The plaintiff points the court to no evidence in the record that demonstrates that her depression impacts on her ability to work. Thus, the court concludes that she has failed to meet her burden of establishing that the ALJ's treatment of her depression was not supported by substantial evidence, or that the ALJ erred by failing to secure a consultative psychological evaluation.

## V.  Conclusion

Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

A separate order will be entered.

Done this 7th day of August, 2006.

          /s/Charles S. Coody
    CHARLES S. COODY
    CHIEF UNITED STATES MAGISTRATE JUDGE